Date signed January 13, 2006



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| CURTIS EDWARD FRANKS | : | Case No. 05-13245PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| CURTIS EDWARD FRANKS | : | |
| OLA COOK FRANKS, Co-Debtor | : | |
| Plaintiffs | : | |
| vs. | : | Adversary No. 05-1317PM |
| | : | |
| KATHY COVINGTON | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case involves the Defendant's violation of the automatic stay of § 362(a). The Complaint was filed on April 7, 2005, and an answer to the Complaint was filed on May 24, 2005, in the form of a general denial. By virtue of a Scheduling Order issued June 17, 2005, trial was set for November 1, 2005. By Notice entered July 29, 2005, the proceeding was rescheduled for December 1, 2005. By letter dated October 12, 2005, a copy of which is appended to Docket Entry 19, the Defendant instructed her attorney, Bennie Brooks, Esquire, to withdraw from representing her in this case. He did so. The Clerk of this court thereupon sent a notice to the Defendant advising her of the responsibilities connected with representing herself in this case. The Defendant did not appear at trial nor did she object to the Exhibits filed September 29, 2005. Therefore, all of these Exhibits were admitted into evidence. Similarly, the Request for

Admission of Facts and Genuineness of Documents filed August 5, 2005, was not responded to by the Defendant, and therefore those requests for admission are deemed admitted.

This is a very unfortunate case in that the Defendant, Kathy Covington (sometimes "Covington") was awarded a judgment in the District Court of Maryland for Prince George's County against the Franks in the sum of $12,267.10 that was thereafter recorded in the Circuit Court. Pursuant to the Debtor's Chapter 13 Plan, the claim of Covington was to be paid in full. Nonetheless, following the filing of this bankruptcy case under Chapter 13 on February 14, 2005, and receipt of actual notice of the filing of the bankruptcy case, and after receiving notice both from this court (Docket Entry No. 9) and from counsel for the Debtor, Covington caused a request for judgment-garnishment to be laid upon Debtor's bank account. She also caused a garnishment to be served upon the wages of Curtis Franks. The garnishments remained in place as to M&T Bank until June 7, 2005, and on Curtis Frank's salary, as well as a retirement payment made to Ola Franks.

These violations of 11 U.S.C. § 362(a) caused injury to the Debtor. The issue of standing of the Co-Plaintiff, Ola Cook Franks, is uncertain inasmuch as the co-debtor stay of 11 U.S.C. § 1301(a) applies only to consumer debts. The claim filed by Defendant was in tort for damage to real property. Consumer debts are debts incurred for family or household purposes. It is arguable that such a debt as this tort judgment is not a consumer debt. *See generally, In re Westberry*, 215 F.3d 589 (CA6 2000). While the court believes that an argument could have been proffered, namely, that such a claim does not fall into the category of consumer debt, no such argument was made on Defendant's behalf. Thus, the actions taken against the property of Ola Cook Franks can be considered to have been made in violation of the co-debtor stay subjecting the offending parties to sanctions.

Besides the willful violation of the stay described above, the Defendant had the affirmative duty to discontinue collection actions. *See generally, Eskanos & Adler P.C. v. Leetien*, 309 F.2d 1210 (CA9 2002). 11 U.S.C. § 362(h) provides:

> **11 U.S.C. § 362.  Automatic Stay**
>
> (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

The court finds as a fact that the Debtor and Co-Debtor have sustained actual damages and that this is an appropriate circumstance for the award of punitive damages. Plaintiffs had to borrow money to keep Ola Franks' daycare center operating and incurred late charges on their vehicle payments. Similarly, Ola Franks' check-cashing service imposed a penalty of $500.00 upon her because of the checks that were returned on account of the unlawful garnishment of her bank account.

      The court finds that Plaintiffs are entitled to compensatory damages of $814.43, attorney's fees of $5,000.00, and punitive damages of $2,000.00. The court, however, finds that the Plaintiffs are not entitled to amount of compensation sought in Items (a), (d), (e) and (g) on the post-trial statement of damages filed. An appropriate order will be entered.

cc:
Fred A. Thompson, Esq., 14428 Old Mill Road, Suite 201, Upper Marlboro, MD 20772
Kathy Covington, 16211 Penn Manor Lane, Bowie, MD 20716
Darine K. Tabbara, Esq., Margulies & Associates, 6205 Executive Blvd., Rockville MD 20852
Curtis/Ola Franks, 4906 Woodland Blvd., Oxon Hill, MD 20745
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum**